UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YANGREEK TUT WAL #521239, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:22-cv-00413 |
| ) | Judge Trauger |
| MIKE PARRIS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Petitioner Yangreek Tut Wal filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his judgment in the Davidson County Criminal Court. (Doc. No. 1.) The respondent filed a motion to dismiss the Petition as untimely (Doc. Nos. 12, 13), and the petitioner did not file a response. For the following reasons, this motion will be granted.

**I.     Background**

The petitioner pleaded guilty to two counts each of especially aggravated kidnapping and especially aggravated robbery, and the trial court imposed a total sentence of 40 years' imprisonment. (Doc. No. 11-1 at 34–37.) The Tennessee Court of Criminal Appeals (TCCA) affirmed. *State v. Wal*, No. M2016-01672-CCA-R3-CD, 2017 WL 2875925 (Tenn. Crim. App. July 6, 2017). On November 16, 2017, the Tennessee Supreme Court denied the petitioner's application for permission to appeal. (Doc. No. 11-13.)

The petitioner filed a pro se post-conviction petition in state court, declaring under penalty of perjury that he gave it to prison officials for mailing on November 2, 2018. (Doc. No. 11-14 at 27–36.) The court denied relief. (Doc. No. 11-15 at 25–52.) On July 12, 2021, the TCCA affirmed.

*Wal v. State*, No. M2020-00646-CCA-R3-PC, 2021 WL 2909781 (Tenn. Crim. App. July 12, 2021). The petitioner did not request discretionary review in the Tennessee Supreme Court.

On May 26, 2022, the petitioner filed a habeas corpus petition in this court. (Doc. No. 1 at 6 (declaration of placement in the prison mailing system that date)); *see Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (applying "prison mailbox rule" to habeas petition).

## II. Analysis

The federal habeas statute has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The Tennessee Supreme Court denied the petitioner's request for discretionary review on direct appeal on November 16, 2017. The petitioner then had 90 days in which he could have, but did not, filed a petition for a writ of certiorari in the United States Supreme Court. Sup Ct. R. 13.1. The petitioner's judgment therefore became final when this 90-day window expired, on February 14, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The limitations period started running the next day, on February 15, 2018. Fed. R. Civ. P. 6(a)(1)(A).

The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). The petitioner's post-conviction petition began pending when he filed it on November 2, 2018,[1] with 105 days left in the limitations

---

[1] That is the date the petitioner declared that he gave the petition to prison officials for mailing. As the respondent rightly notes, the state court's "prison mailbox rule" for pro se post-conviction filings "does not specify the [filing] date" of a *timely* state post-conviction petition. *See Shade v. Washburn*, No. 3:19-CV-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (discussing Tenn. Sup. Ct. R. 28, § 2(G)). At least once, however, the TCCA has deemed a timely petition filed when it was "presented to prison officials for mailing." *Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d), Tenn. Sup. Ct. R. 28, § 2(G)). Accordingly, this court takes the same approach, though using the five-day-later receipt date would not make a difference here.

2

period.[2] The TCCA affirmed the denial of post-conviction relief on July 12, 2021. The petitioner then had 60 days in which he could have, but did not, filed an application for permission to appeal in the Tennessee Supreme Court. Tenn. R. App. P. 11(b). The post-conviction petition was therefore no longer pending when this 60-day window expired, on September 10, 2021. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). The period started running again the next day, on September 11, 2021. Fed. R. Civ. P. 6(a)(1)(A).

One-hundred and five days after September 11, 2021, was Saturday, December 25, 2021, so the petitioner's federal habeas deadline extended to Monday, December 27. Fed. R. Civ. P. 6(a)(1)(C). He did not file the Petition until May 26, 2022. Accordingly, the Petition is untimely by about 5 months.

There are two equitable exceptions to the statute of limitations: equitable tolling, *see Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)), and actual innocence. *See Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005)). But both exceptions are applied sparingly, and a petitioner bears the burden of demonstrating an entitlement to the exception. *See Ata*, 662 F.3d at 741; *Davis*, 900 F.3d at 326. Here, the petitioner maintained that this case was timely in the Petition (Doc. No. 1 at 5), and he did not respond to the respondent's motion to dismiss, so he has not attempted to carry his burden of showing that either equitable exception applies. And to the extent that the petitioner was mistaken about the timeliness of the Petition, it is well-established in the Sixth Circuit that "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [a] late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citations omitted).

---

[2] Two-hundred and sixty days elapsed between February 15, 2018, and November 2, 2018. That left 105 days in the one-year limitations period.

### III. Conclusion

For these reasons, the respondent's motion to dismiss the Petition as untimely (Doc. No. 12) will be granted, and this case will be dismissed.

This is a final ruling adverse to the petitioner, so the court must grant or deny a certificate of appealability (COA). Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because jurists of reason would not disagree that the Petition is barred by the statute of limitations, the court will deny a COA.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge